OPINION
Appellant Mark McCauley appeals the Judgment Entry of the Perry County Court of Common Pleas, Juvenile Division, which found his minor children, Jackie McCauley and Zachary McCauley, to be abused children pursuant to R.C. 2151.031(A). Appellee is the Perry County Children's Services.
 STATEMENT OF THE FACTS AND CASE
On May 23, 1997, Perry County Children's Services filed a complaint in the Perry County Common Pleas Court, Juvenile Division, alleging Jackie McCauley and Zachary McCauley were abused children pursuant to R.C. 2151.031(A). The complaint alleged appellant sexually abused the children.
On July 22, 1997, the trial court held an adjudicatory hearing to decide the merits of the complaint. Prior to the commencement of the hearing, the trial court conducted a hearing to determine whether Zachary and Jackie were competent to testify. During the course of this hearing, the trial court and attorneys for both parties questioned the children. Following the questioning, the trial court found both children could accurately distinguish between truth and falsehood, and were capable of relaying impressions of what they experienced. The trial court ruled both children were competent to testify. Zachary and Jackie were five and eight years old, respectively, at the time.
At the adjudicatory hearing, Zachary and Jackie testified appellant had touched them inappropriately. Zachary testified appellant had inserted his finger into Zachary's anus and had touched his penis. Jackie testified appellant had touched her vagina and buttocks. Jackie stated appellant had, on at least one occasion, come into bed with her, removed her pants, and put his fingers into her vagina. Jackie further testified appellant inserted his tounge into her mouth during this encounter. After this incident, appellant told Jackie not to tell anyone or she would be eaten by a bear.
In a judgment entry dated August 26, 1997 the trial court found Zachary and Jackie McCauley to be abused children. It is from this judgment entry appellant prosecutes this appeal, raising the following assignments of error:
 I. THE TRIAL COURT APPLIED AN INCORRECT LEGAL STANDARD IN DETERMINING THAT THE ABOVE REFERENCED CHILDREN WERE COMPETENT TO TESTIFY AND THEREFORE IT WAS ERROR TO ADMIT THEIR TESTIMONY FOR ANY PURPOSE.
 II. THE TRIAL COURT ERRED BY FINDING BEYOND A REASONABLE DOUBT, THAT THE CHILDREN, JACKIE McCAULEY AND ZACKARY McCAULEY, WERE ABUSED CHILDREN.
 III. THE TRIAL COURT'S DECISION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I
In his first assignment of error, appellant alleges the trial court erred by not determining if the children had the intellectual capacity to accurately recount events. Appellant maintains the trial court abused its discretion by allowing Zachary and Jackie to testify without having made this determination.
A trial court's decision a child witness is competent to testify must be approached by a reviewing court with great deference. Frazier, supra. Therefore, we will not disturb the trial court's ruling unless we find said ruling to be an abuse of discretion; i.e. unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. State v. Adams (1980),62 Ohio St.2d 151, 157.
The determination of whether a young child is competent to testify requires the trial court to consider the child's intellectual ability to accurately recount events, the child's understanding of truth and falsehood, and the child's appreciation of the need to be truthful. State v. Frazier (1991),61 Ohio St.3d 247.
In the instant case, the trial court interviewed Zachary and Jackie and specifically found they were able to receive accurate impressions of the events they experienced and understood the necessity of telling the truth. Trial Court's Statement of the Findings and Facts at 2. Appellant alleges contradictions between the testimony the children gave at trial and in the pre-trial competency hearing indicate the trial court erred in its determination they were competent to testify.
We find any contradictions in the testimony of Zachary and Jackie McCauley at trial were relevant to assessing their credibility not the admissibility of the testimony. Any challenge to the appropriateness of the trial court's admission of the children's testimony must be based upon their testimony at the competency hearing, not at trial. The trial court's Statement of the Findings and Fact is the only available record of the competency hearing. As these findings of fact indicate the trial court found the children were intellectually able to accurately recall events they experienced and testify about those events, we find no evidence the trial court failed to utilize the required standard in determining the children were competent to testify. We further find the trial court did not abuse its discretion.
Appellant's first assignment of error is overruled.
 II III
In his second and third assignments of error, appellant contends the trial court erred by finding beyond a reasonable doubt Jackie and Zachary were abused children because such a finding was against the manifest weight of the evidence.
On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that its decision must be reversed and a new investigation into the matter ordered. We must determine whether sufficient evidence was presented which would, if believed, convince a reasonable man the children were abused to the degree required by the standard of proof used to decide the proceeding being appealed. State v. Eley (1978), 56 Ohio St.2d 169.
The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against conviction. State v. Thompkins (1997)78 Ohio St.3d 380, 387, citing, State v. Martin (1983), 20 Ohio App.3d 172,175. Because the trier of fact is in a better position to observe the witnesses demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
In the instant case, the proper standard of proof upon which our review for manifest weight must be conducted requires only "clear and convincing evidence" appellant abused Zackary and Jackie. Ohio Juv.R. 29(E)(4); R.C. 2151.414(E). Clear and convincing evidence is evidence which would produce in the mind of a reasonable person a firm belief or conviction as to the facts sought to be established. State v. Schiebel (1990),55 Ohio St.3d 71.
Appellant argues contradictions in the testimony of the children render their testimony unreliable. Furthermore, appellant asserts the prosecution never proved appellant's alleged touching of Zachary and Jackie was done for the purpose of his achieving sexual gratification; therefore, appellant concludes even if the testimony of the children is believed, he was not guilty of engaging in "sexual activity" as defined by R.C. 2901.01.
R.C. 2151.031 defines an "abused child" as:
[An abused child is a one who:]
 (A) Is the victim of "sexual activity" as defined under Chapter 2907. of the Revised Code, where such activity would constitute an offense under that chapter, except that the court need not find that any person has been convicted of the offense in order to find that the child is an abused child;
R.C. 2907.01(C) defines "sexual activity" as "sexual conduct or sexual contact, or both". "Sexual conduct and contact" are defined by R.C. 2907.01(A) (B) in the following manner:
 "Sexual conduct" means vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal cavity of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse.
 "Sexual contact" means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person.
In the instant case, the testimony of Jackie and Zackary provided sufficient evidence to satisfy the elements of both "sexual conduct" and "sexual contact". Jackie stated appellant inserted his finger into her vagina and anus. Tr. at 28, 70. Zachary stated appellant inserted his finger into his anus. Tr. at 7-8. Digital penetration alone satisfies the statutory definition of "sexual conduct".
The testimony of the children also supports a finding appellant engaged in "sexual contact" with them. Both children testified appellant touched their genitals. Tr. at 6-8, 27-28. Jackie testified appellant "french-kissed" her. Tr. at 9. Appellant contends the prosecution never proved he touched the children in order to achieve sexually gratification. We find appellant's argument to be without merit. The nature of appellant's conduct provides prima facia evidence the conduct was intended to provide appellant with sexual gratification. Furthermore, Jackie's testimony appellant threatened to "get a bear after her" if she told anyone about the incidents indicates appellant was concious of the fact his acts were not innocent.
When applying the aforementioned standard of review to the case sub judice, upon our review of the entire record, we find the trial court did not clearly lose its way so as to result in a manifest miscarriage of justice. We do not disagree with the trial court's resolution of the testimony and other facts in this case.
Appellant's second and third assignments of error are overruled.
The Judgment Entry of the Perry County Court of Common Pleas, Juvenile Division, is affirmed.
By: Hoffman, J., Farmer, P.J. and Wise, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Perry County Court of Common Pleas, Juvenile Division, is affirmed. Costs assessed to appellant.